United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-30426

_____

In the Matter Of: JAZZLAND, INC.

Debtor

RICHARD NOBLE, Disbursing Agent for Jazzland, Inc.

Appellant,

versus

FEDERAL INSURANCE CO.,

Appellee.

_____

Appeal from the United States District Court for
the Eastern District of Louisiana, New Orleans
(USDC No. 2:04-CV-467)

_____

Before REAVLEY, DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Disbursing agent for former theme park developer and Chapter 11 debtor,

Jazzland, Inc. ("Jazzland"), appeals summary judgment in an adversary proceeding

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

granting the right to funds in a construction retainage account to Federal Insurance ("Federal"), as assignee of creditor/contractor Broadmoor, L.L.C. ("Broadmoor"), rather than to debtor's estate. Reviewing the record de novo and applying the same standards as applied by the bankruptcy court, we affirm for the following reasons:

1.  In the context of contract interpretation under Louisiana law, only when there is a choice of reasonable interpretations of the contract is there a material fact issue concerning the parties' intent that would preclude summary judgment. Amoco Prod. Co. v. Texas Meridian Res. Exploration Inc., 180 F.3d 664, 669 (5th Cir. 1999). There is only one reasonable construction of the retainage account provision in the credit agreement between Jazzland and its project lender, Southtrust Bank: that this provision established a retainage account for the purpose of holding funds earned by Broadmoor, under the construction contracts between it and Jazzland, pending final payment of those funds to Broadmoor upon successful completion of the project. The credit agreement defines retainage by reference to the "Construction Contract" and keys the terms of the retainage account to the "Construction Contract." The "Construction Contract" is expressly defined under the credit agreement as the construction contracts between Jazzland and Broadmoor.

2.  As evidenced by Jazzland's draw requests and by the certified substantial completion of the project in May of 2000, the retainage was earned by and

due to Broadmoor prior to Jazzland's bankruptcy filing in February of 2002. See LA. REV. STAT. 9:4822(H)(2) (providing that a certificate of substantial completion is equivalent to acceptance); see also State of Louisiana v. Laconco, Inc., 430 So.2d 1376, 1382 (La. Ct. App. 1st Cir.1983) (holding that, under Louisiana law, a contractor is entitled to the contract price, which includes retainage, upon substantial completion of the project). The funds in the retainage account do not belong to Jazzland's estate.

2.    We are satisfied that, while the mechanics of the credit agreement provided for release of the retainage to Jazzland rather than to Broadmoor upon completion of the project, Jazzland's only position as to those funds was to serve as a conduit to pay the money over to Broadmoor upon satisfaction of all contractual conditions. The retainage account, comprising segregated loan proceeds identifiable as a percentage withheld from each draw request, was set aside and earmarked for eventual disbursal to the construction contractor. See Coral Petroleum, Inc. v. Banque Paribas-London, 797 F.2d 1351, 1356 (5th Cir. 1986) (holding that loan proceeds that were earmarked for disbursement for only a designated purpose were not property of a debtor's estate). Beyond its role as a delivery vehicle, Jazzland had no interest in the retainage at the time it petitioned for bankruptcy and these funds were properly excluded from the estate. See, e.g, In re Searex Energy

3

Serv., Inc., 131 Fed.Appx. 449 (5th Cir. 2005) (affirming the bankruptcy court's finding that marine building project funds' passage through debtor's account did not make them property of the estate); T.& B. Scottsdale Contractors, Inc. v. United States, 866 F.2d 1372, 1376 (11th Cir. 1989) (holding that funds placed by a contractor in an account of the debtor subcontractor for payment of the debtor's materialmen were not property of the subcontractor's bankruptcy estate); In re Bank of New England Corp., 165 B.R. 972, 977 (Bankr. D. Mass. 1994) (holding that funds in an advertising account collected by a parent company from subsidiaries and paid to an advertising firm were not property of the company's estate because a "straight pass-through" of the funds occurred).

AFFIRMED.